IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-03096-PAB

JAMES K. THOMAS,

       Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

       Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 24] filed by plaintiff James K. Thomas.  Plaintiff's motion is unopposed.

On January 3, 2008, plaintiff filed a Complaint seeking review of the final decision of Michael J. Astrue, then-Commissioner of Social Security, denying plaintiff's claim for disability insurance and supplemental security income under Titles II and XVI of the Social Security Act,  42 U.S.C. §§ 401-433.  *Thomas v. Astrue*, No. 08-cv-00005-PAB (Docket No. 1).  On March 13, 2009, following oral argument, the Court reversed Commissioner Astrue's decision and remanded the case for further proceedings.  *See id.* (Docket No. 16).  On November 27, 2012, after plaintiff's claim for disability insurance and supplemental security income was again denied on remand, plaintiff initiated this action seeking review of the final decision of defendant Carolyn W. Colvin in her official capacity as Acting Commissioner of Social Security (the

"Commissioner").[1]  Docket No. 1.  On June 3, 2014, the Court remanded the

Commissioner's decision for an award of benefits.  *See* Docket No. 23.  On March 28,

2015, plaintiff was awarded past-due benefits from the Social Security Administration,

from which the Social Security Administration withheld $50,847.50 in anticipation of this

fee request.  Docket No. 25-2 at 1, 3.  Plaintiff filed his motion for attorney's fees on

September 23, 2015.  Docket No. 24 at 1.  Plaintiff provides no explanation for the

nearly six-month delay between receiving notice of the award and filing the instant

motion.  Nonetheless, since plaintiff's motion is unopposed, the Court will consider

plaintiff's motion timely.  *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)

("A motion for an award of fees under § 406(b)(1) should be filed within a reasonable

time of the Commissioner's decision awarding benefits" and such motions "are

committed to the district court's sound discretion").  Between his two appeals, plaintiff

has been awarded a total of $9,552.80 in fees pursuant to the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket No. 23; *see also* Case No. 08-cv-00005-

PAB (Docket No. 24).

Plaintiff requests that, pursuant to 42 U.S.C. § 406(b), the Court grant his

attorney, Frederick Newell, $26,147.50 in attorney's fees in connection with this case.

Docket No. 24 at 1, ¶ 6.  Plaintiff states that he agreed to pay Mr. Newell 25% of any

past-due disability award granted upon the successful outcome of this action.  Docket

No. 24 at 1, ¶ 3; *see also* Docket No. 25-1 at 1.

---

[1]Although the complaint names Commissioner Astrue as defendant, pursuant to
Fed. R. Civ. P. 25(d), Carolyn W. Colvin, who as of February 14, 2013 has been named
as the Acting Commissioner, was automatically substituted as the defendant in this suit.

Section 406(b) of Title 42 of the United States Code provides, in pertinent part, that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Tenth Circuit has "conclude[d] that § 406(b)(1) allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits." *McGraw*, 450 F.3d at 503. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to this statutory provision, "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

Despite a contingent-fee agreement, courts must review the reasonableness of the fees yielded by the agreement to ensure that the attorney's recovery is based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808. Moreover, if claimant's counsel is awarded fees under both the EAJA and 42 U.S.C. § 406(b)(1), counsel must refund the smaller award to the claimant. *See Gisbrecht,* 535 U.S. at 796; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Mr. Newell's affidavit reflects that he spent a total of 55.6 hours on plaintiff's two

cases.  Docket No. 25-3 at 1-2.  In his motion, however, plaintiff states that Mr. Newell

seeks fees for "49.25 hours of work in District Court."  Docket No. 24 at 1, ¶ 6.  It is not

clear from Mr. Newell's affidavit which entries he intended to deduct from the total hours

he claims to have worked on plaintiff's case.  *See generally* Docket No. 25-3.

Although plaintiff's records could be clearer, the Court is mindful that Mr. Newell

undertook a substantial risk of loss in connection with the case, devoted considerable

time and effort in presenting plaintiff's position, and pursued plaintiff's claim over a

period of more than six years before obtaining a favorable result.  Moreover, the net fee

paid by plaintiff to Mr. Newell will be far less than the agreed amount of 25% of past-

due benefits.  Thus, in light of the hours worked, the motion being unopposed, and Mr.

Newell's willingness to receive less than the agreed-upon fee, the Court concludes that

an attorney's fee of $26,147.50 is reasonable.

Wherefore, it is

**ORDERED** that plaintiff James K. Thomas's Motion for an Award of Attorney

Fees Under 42 U.S.C. § 406(b) [Docket No. 24] is **GRANTED**.  It is further

**ORDERED** that plaintiff's counsel is awarded attorney's fees in the amount of

$26,147.50.

DATED November 5, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge